IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM TRAVEL SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21 C 5216 |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Adam Travel Services, Inc. has sued Wells Fargo Bank, N.A. for breach of fiduciary duty, negligence, negligent misrepresentation, promissory estoppel, and unjust enrichment under Illinois common law. Adam Travel also asserts claims against Wells Fargo for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 501/2, and the federal Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5531 & 5536. Adam Travel claims that it lost out on a forgivable $400,000 Paycheck Protection Program (PPP) loan because of Wells Fargo's misconduct.

The PPP loan program was established by the Coronavirus Aid, Relief, and Economic Security Act, in which Congress authorized participating lenders to provide unsecured, low-interest-rate loans to eligible small businesses. PPP loans were eligible to be forgiven in their entirety. The U.S. Small Business Administration paid participating lenders a fee for processing a PPP loan.

In April 2020, Adam Travel applied for a PPP loan for $399,664 through TD

Bank. Adam Travel obtained the loan, and the loan was later forgiven in its entirety.

On or around April 28, 2020, Mahmoud Suleiman, a subcontractor for Adam Travel, applied for a PPP loan through Wells Fargo. Adam Travel alleges that Suleiman applied for the loan using Adam Travel's name, without the company's knowledge. Suleiman owns a company called Adam Travel & Insurance Services, Inc., but he has no ownership interest in Adam Travel Services, Inc. Adam Travel, the plaintiff, is based in Massachusetts; Adam Travel & Insurance Services, Inc. (Suleiman's company) is based in Texas.

Adam Travel alleges that upon receiving Suleiman's loan request, Wells Fargo erroneously assigned Adam Travel's Employer Identification Number (EIN) to Suleiman's loan. This was done even though Suleiman provided his own Social Security number on his PPP loan application. Adam Travel alleges that Wells Fargo used Adam Travel's EIN without its knowledge or permission.

As a result of Wells Fargo's error, Adam Travel alleges, it was unable to obtain a second forgivable PPP loan of $400,000 when it applied for one in March 2021. Specifically, the federal Small Business Administration advised Adam Travel that it already had taken out two PPP loans, evidently the maximum allowed. Actually it hadn't; the second loan was made to Suleiman's company, not Adam Travel. Adam Travel contacted the SBA to try to resolve the error but was advised that only Wells Fargo could correct the error on Suleiman's PPP application. The reason given was that lenders participating in the PPP program submit loan servicing requests through the SBA's online portal, E-Tran, and only the lender itself has access to its E-Tran account.

Adam Travel alleges that after initially denying wrongdoing, Wells Fargo

eventually acknowledged its error. In April 2021, Wells Fargo opened an internal investigation and assigned it to a case manager. On April 16, 2021, Adam Travel alleges, Wells Fargo promised to correct its mistake. Adam Travel alleges that it received assurances from Wells Fargo that the matter was being handled and that the bank was aware it needed to update the EIN connected with Suleiman's PPP application. Adam Travel alleges, however, that Wells Fargo never made the promised correction.

On May 7, 2021, TD Bank notified Adam Travel that its PPP funds were fully exhausted. Adam Travel tried to secure a smaller PPP loan at another small community bank, but it was prevented from doing so by the error Wells Fargo had made in connection with Suleiman's PPP loan. On May 17, 2021, Wells Fargo informed Adam Travel that it had corrected the issue. Adam Travel alleges this statement was false. According to Adam Travel, Wells Fargo then retracted its acknowledgment of a mistake and denied any wrongdoing. Adam Travel never got a second PPP loan.

Adam Travel has filed suit to recover the $400,000 that it alleges it would have received via a second PPP loan absent Wells Fargo's misconduct. Adam Travel also seeks an injunction to compel Wells Fargo to remove Adam Travel's EIN from Suleiman's PPP application. Wells Fargo has moved to dismiss Adam Travel's claims under Federal Rule of Civil Procedure 12(b)(6).

**Discussion**

On a motion to dismiss for failure to state a claim, the Court takes the plaintiff's factual allegations as true, draws reasonable inferences in the plaintiff's favor, and assesses whether the plaintiff has asserted a plausible basis for relief. *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009); *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678).

Adam Travel asserts eight claims in its amended complaint, all arising from the matters described above. Count 1 is entitled "injunctive relief." Counts 2, 3, and 4 are, respectively, claims for breach of fiduciary duty, negligence, and negligent misrepresentation. Count 5 is a promissory estoppel claim. Count 6 is a claim under the ICFA, and Count 7 is a claim under the CFPA. Count 8 is a claim for unjust enrichment. Wells Fargo contends that none of these claims is viable.

**1.      Injunctive relief claim**

Adam Travel asserts a claim entitled "injunctive relief," contending that "monetary damages alone will be definitively inadequate as a remedy because Adam Travel's name will permanently be attached to Suleiman's PPP application when Adam Travel did not give authorization to include its EIN." Am. Compl. ¶ 88. According to Adam Travel, the appearance of its EIN on Suleiman's PPP application harmed it on two occasions when it tried to secure a second PPP loan. Adam Travel further alleges that the EIN on Suleiman's application will damage Adam Travel's reputation, as it will appear that the company took two "First Draw PPP loans," which is not allowed under SBA guidelines. *Id.* ¶¶ 77-86. Adam Travel contends that "an injunction is proper as there is no monetary amount that will fix or correct the possibility that Adam Travel may be denied future loans or charged greater interest rates due to Wells Fargo's error." *Id.*

4

¶ 87. Thus, Adam Travel requests that "Wells Fargo must be compelled to update its files in the systems available to all banks and financial institutions to assure Suleiman's PPP application does not show on Adam Travel's records." *Id.* ¶ 90.

"[I]njunctive relief . . . is a remedy, not a cause of action, and thus should not be pleaded as a separate count." *Knutson v. Village of Lakemoor*, 932 F.3d 572, 576 n.4 (7th Cir. 2019). If Adam Travel prevails on another claim, it may be entitled to injunctive relief, but injunctive relief is not a stand-alone claim. The Court dismisses Count 1 for this reason.

2.  **Breach of fiduciary duty claim**

Adam Travel's second claim is a claim for breach of fiduciary duty. In Illinois, as a general rule there is no fiduciary duty between a creditor like Wells Fargo and a borrower like Adam Travel. *See Pommier v. Peoples Bank Marycrest*, 967 F.2d 1115, 1119 (7th Cir. 1992); *Paskas v. Illini Fed. Sav. & Loan Ass'n*, 109 Ill. App. 3d 24, 30, 440 N.E.2d 194, 198 (1982); *Geimer v. Bank of Am., N.A.*, 784 F. Supp. 2d 926, 932 (N.D. Ill. 2011). There is, however, an exception to this rule: a fiduciary duty may arise when the parties enter into a special relationship beyond the simple banker-customer relationship. *Gary-Wheaton Bank v. Burt*, 104 Ill. App. 3d 767, 433 N.E.2d 315 (1982).

To establish that a special relationship exists giving rise to a fiduciary duty, "a party must show that [it] 'placed trust and confidence' in the dominant party, and that the latter 'gained influence and superiority over [the other]." *Pommier*, 967 F.2d at 1119. Adam Travel contends that a special relationship arose with Wells Fargo, when the bank "opened a claim and took practical steps to investigate the error it made on Suleiman's PPP application." Am. Compl. ¶¶ 93-98. Adam Travel also contends that

because only Wells Fargo could correct Suleiman's PPP application, it was in a position superior to Adam Travel. *Id.* ¶ 103. Adam Travel also alleges that it placed its trust in Wells Fargo to correct the error in Suleiman's PPP file. *Id.* ¶ 97.

The Court concludes that Adam Travel does not plead facts sufficient to plausibly give rise to a fiduciary relationship with Wells Fargo. The fact that Wells Fargo was the only entity that could correct Suleiman's application and that Adam Travel trusted it to fix the error is not enough to suggest that Wells Fargo had the required influence and superiority over Adam Travel. To show a fiduciary relationship, "the party seeking to establish the relationship must show that he *placed trust and confidence in another so that the other gained influence and superiority over him*." *Santa Claus Indus., Inc. v. First Nat'l Bank of Chicago*, 216 Ill. App. 3d 231, 238, 576 N.E.2d 326, 331 (1991) (emphasis added). In this case, any "dominance" had over Adam Travel arises from a constraint of its data-keeping system; it is not a product of any trust and confidence that Adam Travel placed in Wells Fargo. The Court concludes that Adam Travel has failed to state a claim for breach of fiduciary duty and therefore dismisses Count 2.

3. **Negligence claim**

To state a claim for negligence under Illinois law, Adam Travel must allege that Wells Fargo owed it a duty; it breached the duty; and Adam Travel suffered an injury proximately caused by the breach. *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1148 (7th Cir. 2010). There is authority to the effect that lenders do not owe a duty of care to borrowers. *See Whitley v. Taylor Bean & Whitacker Mortg. Corp.,* 607 F. Supp. 2d 885, 902 (N.D. Ill. 2009); *LaSalle Bank Nat'l Assoc v. Paramont Props., LLC*, 588 F. Supp. 2d 840, 852 (N.D. Ill. 2008). In *Mutual Service Casualty Insurance Co. v.*

6

*Elizabeth State Bank,* 265 F.3d 601 (7th Cir. 2001), however, the Seventh Circuit "suggest[ed] that a bank's failure to observe ordinary care in handling its customer's transactions may support a tort claim . . . ." *Id.* at 618. Although the court did not definitively decide the point because the parties' dispute was governed by a contract, *Mutual Service* provides some support for the existence of an extra-contractual duty of care on the part of a bank. For this reason, the Court, like its colleague Judge Robert Dow in *Li v. J.P. Morgan Chase Bank, N.A.*, No. 20 C 2496, 2021 WL 601673, at *5 (N.D. Ill. 2021), will follow the "prudent course" and declines to dismiss the claim on this basis at the pleading stage.

Wells Fargo contends that even if a duty of care exists, Adam Travel is still barred from its claim by the *Moorman* "economic loss" doctrine, under which a "plaintiff cannot recover for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation." *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 91, 435 N.E.2d 443, 453 (1982). There is, however, an exception, which applies in this case: "where a duty [of care] arises outside of [a] contract, the doctrine does not prohibit recovery under a tort theory for the negligent breach thereof." *Kanter v. Teitelbaum*, 271 Ill. App. 3d 750, 754, 64 N.E.2d 1137, 1139 (1995) (citing *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill. 2d 137, 636 N.E.2d 503 (1994)).

The Court declines to dismiss Count 3.

**4.    Negligent misrepresentation claim**

Adam Travel also asserts a claim for negligent misrepresentation. A plaintiff asserting a negligent misrepresentation claim for may recover for economic damages

under an exception to the *Moorman* rule if it establishes that the defendant "(1) is in the business of supplying information for the guidance of others in their business dealings; (2) provided false information; and (3) supplied the information for the guidance of the plaintiff's business transactions." *Prime Leasing, Inc. v. Kendig*, 332 Ill. App. 3d 311, 773 N.E.2d 84 (2002). A contention that the defendant is in the business of supplying information for the guidance of others must be supported with well-pleaded factual allegations. *See Hartford Fire Ins. Co. v. Henry Bros. Const. Mgmt. Servs., LLC*, 877 F. Supp. 2d 614, 619 (N.D. Ill. 2012).

Adam Travel alleges that as a PPP lender, Wells Fargo "intended other lenders to rely upon and choose to lend or not to lend to Adam Travel based upon the information in [Wells Fargo's] E-Tran records." Am. Compl. ¶ 137. Adam Travel also sufficiently alleges that Wells Fargo's reporting that Adam Travel had secured a second PPP loan was false. *Id.* ¶ 132. The negligent misrepresentation claim founders, however, on the third element: the requirement that the defendant "supplied the information for the guidance of the plaintiff's business transactions." *Prime Leasing, Inc.*, 332 Ill. App. 3d at 311, 773 N.E.2d at 94. Adam Travel contends that the information Wells Fargo was provided in guidance for its transactions "because [it] put other lenders on notice as to Adam Travel's rights for future loan opportunities." Pl.'s Resp to Def.'s Mot. to Dismiss at 10. But this fails to explain how *Adam Travel* was guided by the false information. *See DuQuoin State Bank v. Norris City State Bank*, 230 Ill. App. 3d 177, 185, 595 N.E.2d 678, 683 (1992) (plaintiff relied on defendant's false information in deciding to make a loan); *see also Guar. Bank & Tr. Co. v. Reyna*, 51 Ill. App. 2d 412, 422-23, 201 N.E.2d 144, 150 (1964). Adam Travel does not allege

that it relied on the false information from Wells Fargo; rather it alleges that it "relied on Wells Fargo's representation that it would fix its mistake." Am. Compl. ¶ 139. But that's not the information that is the subject of the negligent misrepresentation claim. Because Adam Travel has not plausibly alleged the third element of negligent misrepresentation, the Court dismisses this claim.

5.     **Promissory estoppel claim**

A claim for promissory estoppel requires the plaintiff to allege that the "(1) defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to its detriment." *Quake Constr., Inc. v. Am. Airlines, Inc.*, 141 Ill. 2d 281, 309-10, 565 N.E.2d 990, 1004 (1990)). For a promise to be unambiguous, the "parties must have a distinct intention common to both and without doubt or difference." *Chatham Surgicore, Ltd. v. Health Care Serv. Corp.*, 356 Ill. App. 3d 795, 802, 826 N.E.2d 970, 976 (2005) (quoting *Bank of Marion v. Robert "Chick" Fritz, Inc.*, 9 Ill. App. 3d 102, 108, 291 N.E.2d 836, 840 (1973)).

Adam Travel alleges that Wells Fargo made several express assurances that it would fix or had fixed the EIN error but that, a few months later, it retracted its acknowledgment that an error existed. Am. Compl. ¶¶ 49-60, 156-59. Adam Travel has pleaded enough to plausibly indicate that Wells Fargo made, and breached, an unambiguous promise to fix the EIN mistake.

The claim in its present form founders, however, on the question of detrimental reliance. The relevant allegation is in paragraph 166 of the amended complaint: "Adam Travel relied on Wells Fargo to its detriment by continuing to make financial decisions

9

for its business based upon its reasonable and likely receipt of a Second Draw PPP loan once Wells Fargo made good on its promise." Am. Compl. ¶ 166. This is too vague to pass the *Iqbal* plausibility test; Adam Travel needs to describe what it did in reliance on the claimed promise from Wells Fargo. Due to the lack of a sufficient allegation of detrimental reliance, the Court dismisses Count 5, with leave to amend.

6.  **ICFA claim**

Adam Travel alleges that Wells Fargo engaged in unfair business practices in violation of the ICFA when it failed to thoroughly review Suleiman's PPP application, when it added Adam Travel's EIN to Suleiman's PPP application without Adam Travel's authority, and when it made promises to correct the error but failed to do so. Am. Compl. ¶¶ 169-73. Adam Travel also alleges that these actions by Wells Fargo offend public policy and produced inaccurate loan records, which cause injury to customers. *Id.* ¶¶ 173-81.

Adam Travel is located in Massachusetts, not Illinois. "[N]onresident plaintiffs may sue under the ICFA only if the circumstances relating to the alleged fraudulent transaction occurred mostly in Illinois." *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396 (7th Cir. 2009) (citing *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 188, 835 N.E.2d 801, 854 (2005)).Adam Travel does not allege facts in its complaint that indicate that the transaction occurred mostly in Illinois." Adam Travel does reference connections to Illinois in its response to Wells Fargo's motion to dismiss: it contends that the executive employee dealing with Wells Fargo's errors did so from Illinois. A plaintiff that is opposing a Rule 12(b)(6) motion "may elaborate on his factual allegations" in the complaint. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012). There

10

is, however, a limit to this principle, and courts typically will consider new materials or elaborations disclosed for the first time in a response brief only "so long as the new elaborations are consistent with the pleadings." *Id.*; *see also Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017). But the reference to the Illinois-based employee in Adam Travel's response to the motion isn't "consistent" with its complaint; rather it is a departure, as the amended complaint includes no reference to matters occurring in Illinois. Based on the complaint in its current form, Adam Travel has not alleged a sufficient connection to Illinois to bring the IFCA into play. The Court therefore dismisses Count 6, with leave to amend. (It is also conceivable that Adam Travel could assert a claim under any similar Massachusetts statute that may exist.)

**7.    Consumer Financial Protection Act claim**

Count 7 of the amended complaint is a claim that Wells Fargo breached the Consumer Financial Protection Act (CFPA), 12 U.S.C § 5531 and § 5536. As Wells Fargo contends, however, the CFPA does provide for a private right of action. Rather, it contemplates enforcement by the Consumer Financial Protection Bureau. *See* 15 U.S.C. § 5564(a). Adam Travel does not address this point in its response to Wells Fargo's motion to dismiss and thus has effectively conceded the issue. The Court dismisses Count 7.

**8.    Unjust enrichment claim**

Adam Travel's final claim is Count 8, a claim for unjust enrichment. Adam Travel premises this claim on the same conduct alleged in Count 3, its negligence claim. Because this claim is tied to Count 3, which the Court has not dismissed, Wells Fargo's contention that it should be dismissed because a claim for unjust enrichment cannot

11

stand alone is a non-starter.

A claim for unjust enrichment requires the plaintiff to establish that the defendant "(1) receive[d] a benefit, (2) to the plaintiff's detriment, and (3) the defendant's retention of that benefit would be unjust." *TRW Title Ins. Co. v. Sec. Union Title Ins. Co.*, 153 F.3d 822, 828 (7th Cir. 1998).

Adam Travel sufficiently alleges that Wells Fargo received a benefit, as by granting Suleiman a PPP loan, Wells Fargo collected a fee of five percent of the loan amount. Am. Compl. ¶¶ 197-99. Moreover, Adam Travel alleges enough to plausibly suggest the benefit to Wells Fargo was to Adam Travels detriment, because by processing the loan with Adam Travel's EIN, Wells Fargo precluded Adam Travel from obtaining a second PPP Loan. *Id.* ¶ 200. Adam Travel alleges that "Wells Fargo should not have received any benefit because Suleiman's application was defective. By not performing a good faith review of Suleiman's application, Wells Fargo benefitted from its wrongful conduct." *Id.* ¶ 203. Although it is conceivable that Wells Fargo could have obtained the fee for the Suleiman PPP loan even if it had not used Adam Travel's EIN, the complaint plausibly suggests a connection between the two. For these reasons, the Court declines to dismiss the unjust enrichment claim.

## Conclusion

For the reasons stated above, the Court dismisses Counts 1, 2, 4, 5, 6, and 7 of plaintiff's complaint but otherwise denies defendant's motion to dismiss [dkt. no. 18].

Date: April 13, 2022

_____
MATTHEW F. KENNELLY
United States District Judge